## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM, MICHAEL J. B. BORJA, in his capacity as Director of Land Management,<br><br>Plaintiff,<br><br>AND<br><br>GUAM WATERWORKS AUTHORITY, a Guam Public Corporation,<br><br>Plaintiff-Intervenor,<br><br>vs.<br><br>CORE TECH INTERNATIONAL CORPORATION, YOUNEX ENTERPRISES CORPORATION,<br><br>Defendants. | Superior Court Case No. <u>CV1198-18</u><br><br><br>**DECISION AND ORDER RE DLM'S MOTION TO DISMISS AND MOTION TO STRIKE** |

The Court here considers a Motion to Dismiss and Motion to Strike filed by Plaintiff Joseph M. Borja ("DLM"), in his capacity as Director of the Department of Land Management. The Motion seeks to dismiss counterclaims filed by Defendant Core Tech International Corporation and to "drop" Core Tech and Plaintiff-Intervenor Guam Waterworks Authority (GWA) as parties. Upon review of the filings and the record in this case, the Court determines that the Motion lacks merit because Core Tech and GWA are properly named as parties and Core Tech has standing to pursue its counterclaims. DLM's motion is frivolous as it presents a posture contrary to the position that DLM, co-Plaintiff the Government of Guam, and their attorneys

have taken throughout the past nineteen months of litigation. The Court sanctions DLM and the Office of the Attorney General for that misconduct.

## I. PROCEDURAL BACKGROUND

1. In December 2018, the Government of Guam, along with then Director of Land Management, Michael J. B. Borja, as plaintiffs, filed a Petition to Cancel and Amend Certificates of Title and named Core Tech and Younex as defendants. Pet. (Dec. 17, 2018). Plaintiffs listed 21 GCA § 29195 as the governing statute for the action.

2. The Petition prayed to amend, cancel, and rescind all existing certificates of title that pertain to Lot 10184, Dededo.

3. Plaintiffs' attorneys drafted summons, which the Clerk of Court signed, and served the defendants.

4. Core Tech answered the Petition. Answer (Jan. 23, 2019).

5. Plaintiffs and Core Tech proposed a scheduling order and entered into a discovery plan, in compliance with the Guam Rules of Civil Procedure. CVR 16.1 Form 2 and CVR 16.1 Form 3 (Mar. 6, 2019).

6. Upon motion and non-oppositions by the existing parties, GWA intervened under Guam Rule of Civil Procedure 24. Order Granting Mot. Intervene (Mar. 28, 2019).

7. Plaintiffs, GWA, and Core Tech then engaged in discovery, discovery motions, and mediation efforts.

8. Core Tech later moved to amend its Answer. Mot. Leave Am. (Nov. 26, 2019). Neither Plaintiffs nor GWA opposed Core Tech's motion. The Court granted the Motion and Core Tech soon thereafter amended its answer and added counterclaims for inverse

condemnation and declaratory judgment and cross-claims. Order (Jan. 8, 2020); Am. Answer (Jan. 10, 2020).

9. The Government now moves to strike the counterclaims and cross-claims on the bases that Core Tech has failed to state a claim and the Court lacks subject matter jurisdiction. Mot. Dismiss (Mar. 9, 2020). DLM asks the Court to "drop" Core Tech and GWA as parties. Mot. Dismiss at 14.

10. Core Tech opposes the Motion and seeks sanctinos; DLM did not file a Reply.

## II.   LAW AND DISCUSSION

DLM files its Motion under Rules 12(b)(6), 12(b)(1) and 12(f). To prevail under Rule 12(b)(6), the Court must review whether the pleader can prove no set of facts in support of its claim which would entitle it to relief. *Ukau v. Wang*, 2016 Guam 26 ¶ 22. Under Rule 12(b)(1), a pleading may be dismissed if the court lacks subject matter jurisdiction. Finally, under Rule 12(f), any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter may be stricken from a pleading.

### A. The Propriety of the Counterclaims

DLM asks this Court to interpret 21 GCA § 29195 as forbidding Core Tech or GWA from acting as parties or having the right to file counterclaims or intervene. Because counterclaims and interventions procedurally derive from the Guam Rules of Civil Procedure, DLM proposes that the Court restructure this case in a way that detaches section 29195 proceedings from the Guam Rules of Civil Procedure. The self-named Plaintiffs would be replaced by DLM as the petitioner, the caption would reflect that this is a matter in the name of the property, and all named parties would be dismissed with limited opportunities to participate in these "special proceedings."

Before examining if section 29195 extricates itself from Guam's Rules of Civil Procedure, it is important to note that the Rules themselves encompass the type of special proceeding that DLM claims it should have filed. As stated in Rule 1, the Guam Rules of Civil Procedure govern all civil actions "including . . . special proceedings" for the "just, speedy, and inexpensive determination of every action." Also, under Rule 2, civil actions can consist of special proceedings. Under these rules, even if Plaintiffs originally filed a special proceeding, they could not escape complying with the Guam Rules of Civil Procedure, including Rules 3 (filing a complaint), 7 ("there shall be a complaint and answer"), 12 (answer shall contain defenses, cross-claims, and counterclaims), 13 (permitting counterclaims, both compulsory and permissive), and 24 (interventions). Ironically, DLM utilizes Rule 12 as the basis for this Motion. Under DLM's theory, some rules apply and some do not. There is, however, no mechanism for cherry-picking which rules should apply and which should not.

Section 29195 certainly does not advise the Court to refrain from applying Guam's procedural rules. Since Plaintiffs rely on that statute to govern the procedure for this action, the Court examines the language of that provision. *See Castro v. G.C. Corp.*, 2012 Guam 6 ¶ 20 ("The plain language of a statute is the starting point for statutory interpretation.").

**Proceedings on Termination of Registered Interests: Costs.**

A registered owner or other person in interest or the registrar, may at any time apply by petition to the court, upon the ground that registered interests of any description, whether vested, contingent, expectant, or inchoate, have terminated and ceased, or that new interests have arisen or been created which do not appear upon the certificates or that any certificate or memorial has been made, entered, endorsed, issued or cancelled by mistake, or that the name of any person on the certificate has been changed by divorce, adoption, or other than by marriage as provided for in § 29129 of this Code, or that an owner, registered as married, has ceased to be such, or that a corporation which owned registered land has been dissolved and has not legally conveyed the same after its dissolution, or upon any other reasonable ground, for an order summoning all persons registered as interested in the lands to which such certificate or

memorial relates, to appear at an appointed time and place and produce their duplicate certificates and show cause why such omission or mistake or change or alteration should not be corrected or made. . . . If at the time and place appointed all such persons appear and consent, the court may order the entry of a new certificate, the entry for cancellation of a memorandum upon a certificate, or grant any other relief upon such terms, requiring security if necessary, as it may consider proper. If such persons, or any of them, fail to appear or do not consent, the court may proceed to hear testimony and if it appears to the satisfaction of the court that the relief as petitioned for should be granted, it shall order and direct the registrar to make such corrections or modifications on such certificates or memorials as may be necessary.

The plain language states that the registrar may "petition to the court" concerning the change or alteration to a certificate of title. That provision further states that the registrar may petition for an order summoning all persons registered to show cause why such change should not be made. Finally, if a person summoned does not consent to the registrar's petition, the court may hear testimony on the matter. What section 29195 does not contain, however, is a prohibition from utilizing the Guam Rules of Civil Procedure. Absent such prohibition, and given Rule 1's scope, the Court finds that this matter may be governed by the Rules for a speedy and just adjudication.

DLM further claims that the counterclaims should be dismissed due to Core Tech's lack of standing. DLM grounds their standing argument in section 29195's language; that is, that Core Tech lacks standing because section 29195 does not permit the appearance of parties other than the registrar. However, as the Court has determined that Core Tech is properly involved as a party and has rights as a named defendant to file counterclaims, this standing argument fails. Also, Plaintiffs had an ability to argue that the counterclaims should not be allowed because they would be prejudicial or futile, but instead, they failed to oppose Core Tech's motion for leave to file the counterclaims. *See* Order re Core Tech's Mot. Leave Amd. (Jan. 8, 2020) ("Core Tech states that the opposing parties will not be unduly prejudiced because the counterclaim arises

from the same facts and circumstances alleged in the existing pleadings. With no argument to the contrary, the Court accepts this argument.").

Moreover, to not use the Guam Rules of Civil Procedure and to instead adopt DLM's proposal of dismissing Core Tech and GWA would be unjust. The Court has already commented on DLM's attempt to select which rules apply and which do not. The Court next addresses how Core Tech became involved in this case in the first place. Plaintiffs and their counsel, the Office of the Attorney General, must take *full* responsibility--not "partial fault"--in naming Core Tech as a defendant. Pet. Cancel and Amend Certificates of Title (Dec. 17, 2018); Mot. Dismiss at 2. DLM argues that under section 29195, the Court should have issued an order summoning "those persons interested in the lands" at issue to show cause. The summons here—drafted and proposed by the Attorney General—accomplished that statutory prescription. The summons directed Core Tech to "answer to the complaint" or else "judgment by default will be taken against you." Summons (Dec. 17, 2018). While not an order, the summons had the same effect as a section 29195 order: it prompted Core Tech to answer the complaint--in order words, to show cause as to whether the prayer in the petition should be granted. Also, because the Guam Rules of Civil Procedure apply to this case, Plaintiffs' election to utilize the Rules for service of process was not in error.

The Court also comments on who is bringing this Motion. The Attorney General specifically states that this is a motion brought by the Director of Land Management. Notably, however, there are two listed plaintiffs: the Government of Guam and the Director. Plaintiffs, or more likely, their attorneys, chose to list those entities. Now DLM states that the Petition incorrectly listed the Government of Guam as a "petitioner." Mot. Dismiss at 4. In truth, however, Plaintiffs themselves listed the Government as a plaintiff.

If the Court accepts DLM's argument that the Government should not have been involved in this case, it follows that the Government should also be dismissed from this case. However, DLM makes no such proposal. Instead, DLM insists that all counterclaims must be dismissed against the Government. What, then, happens to the Government of Guam's position as a plaintiff? The Attorney General is silent on this point. The Attorney General does not offer an amended pleading to demonstrate how to refashion this "inartfully" pleaded matter. The Attorney General does not move to voluntarily dismiss the Government as a plaintiff. And since the Motion is raised by DLM only, there is no position taken by the Government as co-Plaintiff. By the Attorney General's silence, the Court infers that the Attorney General's position is that the Government will stand uninterrupted as a party to this action. The Government's continued existence as a party may have collateral estoppel effects on Core Tech upon a final resolution of this lawsuit. Preventing Core Tech from raising related--if not compulsory--counterclaims against an existing party will deprive it of due process.

Finally, it should go without saying that over and over again, DLM waived these arguments to redesign this case. But the Court finds it necessary to list some of the opportunities Plaintiffs had to raise the incorrect formatting of the present 29195 action. First, just prior to this case, DLM litigated a similar action in *In the Matter of the Application of Certificate of Title No. 134390*, SP0162-17.[1] The Attorney General's Litigation Division filed that action in October 2017, not long before filing the present action. That is the same division that now claims "partial" ignorance of how to file a section 29195 action. Second, Plaintiffs could have corrected

---

[1] The Court recognizes that SP0162-17 is on appeal and addresses procedural issues concerning section 29195. Of note, in that case, the Attorney General claims that the "Government of Guam . . . is the appropriate party to prosecute a petition [under] . . .21 GCA § 29195." CVA19-021 (Opp. Brief, Feb. 3, 2020, at 7, 11-13). In contrast, the Attorney General here states that the Petition incorrectly listed the Government of Guam as a petitioner in addition to the Director of Land Management. Mot. Dismiss at 4.

themselves when presenting a summons under section 29195. DLM claims the summons should have been issued by court order, rather than presented by Plaintiffs for execution by the Clerk of Court. But Plaintiffs instead chose to follow and accept a different procedure. Third, Plaintiffs could have raised the issue when GWA intervened; instead, it consented to the intervention. Fourth, at any time during discovery, Plaintiffs could have alerted the Court that section 29195 did not permit discovery. They did not. Fifth, when Core Tech moved to amend its answer and add counterclaims, Plaintiffs did not even file an opposition.

Setting aside DLM's multiple missed opportunities to correct what they believe is an improperly structured lawsuit--which amounts to waiver--ultimately this Court finds that section 29195 does not prohibit the application of the Guam Rules of Civil Procedure. Core Tech and GWA remain properly involved in this action with the right to assert claims and counterclaims, and such counterclaims are not immaterial or impertinent under Rule 12(f). But Plaintiffs have not just raised a meritless motion. Even if section 29195 requires restructuring this case, as DLM believes, Plaintiffs have immensely wasted this Court's time and resources and the resources of the parties they chose to involve and agreed to involve. DLM and the Attorney General also offer no remedy for what they now believe was a monumental and needless exercise under the procedural rules.

Core Tech, on the other hand, asks for sanctions and attorney's fees. The Court agrees and finds the Motion to be frivolous given the numerous times DLM presented to the Court the position directly contrary to what it now takes. For that reason, the Court finds sanctions to be appropriate in favor of Core Tech. Under CVR 7.1(k) and GR 2.1, DLM and its attorneys must pay Core Tech's attorney's fees in opposing the Motion to Dismiss and Motion to Strike. Within 14 days of this Decision and Order, Core Tech may file a Statement detailing fees and costs

expended to oppose the Motion. DLM and the Attorney General may file a Response within five business days of the Statement. The Statement may address the reasonableness of the amount of the requested fees and costs and may discuss whether the Court should hold either or both DLM and the Attorney General as responsible for paying the fees and costs. However, the Response should not discuss the merits of the underlying Motion to Dismiss. The Response is limited to five pages.

### B. **Just Compensation/Inverse Condemnation**

Finally, DLM claims that Core Tech's claims must be dismissed for failure to exhaust the administrative remedy of filing a claim under the Government Claims Act, 5 GCA Ch. 6, thereby depriving the Court of subject matter jurisdiction. The Government Claims Act offers a limited waiver of sovereign immunity for actions arising in tort or contract. 5 GCA §§ 6105, 6208. An inverse condemnation claim, however, addresses a violation under the Fifth Amendment, and is therefore neither sounding in contract or tort. Moreover, Guam law vests jurisdiction over inverse condemnation claims in the Superior Court. 21 GCA § 15106.

The Court finds that the Government Claims Act has no bearing on Core Tech's inverse condemnation counterclaims.

### III.  **CONCLUSION**

The Court DENIES the Motion to Dismiss and Motion to Strike and sanctions DLM and its attorneys for filing a motion based on frivolous arguments. Core Tech may submit a Statement of Fees and Costs within 14 days and a Response may be filed five days thereafter.

SO ORDERED this 22nd day of June 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
James Canto, Esq., Assistant Attorney General, Office of the Attorney General, for the
          Government of Guam and the Director of Land Management
Kelly Clark, Esq., Guam Waterworks Authority, and Vincent Leon Guerrero, Esq., Law Office of
          Vincent Leon Guerrero, for Guam Waterworks Authority
Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, for Core Tech International
          Corporation